United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| CAIO RIBEIRO BOAVENTURA, | Case No.  26-cv-04119-BLF |
| Plaintiff, | |
| v. | **ORDER GRANTING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER** |
| MARKWAYNE MULLIN, et al., | |
| Defendants. | [Re:  ECF No. 3] |

Before the Court is Plaintiff Caio Ribeiro Boaventura's Ex Parte Application for a Temporary Restraining Order ("TRO").  ECF No. 3 ("App.").  Plaintiff filed his complaint, ECF No. 1 ("Compl."), followed by this TRO application against Defendants Secretary of the Department of Homeland Security ("DHS") Markwayne Mullin, United States Citizenship and Immigration Services ("USCIS") Director Joseph B. Edlow, and Associate Director for the USCIS Service Center Operations Directorate Carrie M. Shelby.  In the instant motion, Plaintiff seeks, *inter alia*, an order enjoining Defendants from detaining him during his upcoming Form I-485 adjustment of status interview.

For the reasons that follow, the application is GRANTED.

**I.     BACKGROUND**

Plaintiff entered the United States on a B-2 visitor visa on September 7, 2022, and was admitted until March 7, 2023.  Compl. ¶ 24.  He remained in the United States after his authorized stay expired, overstaying his visa.  *Id.*  He has continuously resided in the United States since that time and has not departed the country.  *Id.*  He married a United States citizen on October 24, 2024.  *Id.* ¶ 25.  On March 6, 2026, Plaintiff and his wife filed to adjust his status to that of a lawful permanent resident pursuant to Section 245 of the Immigration and Nationality Act, 8

U.S.C. § 1255 ("INA").  Compl. ¶ 27.

USCIS scheduled Plaintiff's mandatory adjustment interview for May 13, 2026, in Santa Clara, California.  *Id.* ¶ 30; *see also* App. Ex. 1 ("Interview Notices").  Plaintiff has submitted evidence that the government has begun a practice of arresting similarly-situated noncitizens at their adjustment of status interviews, *see* App. Exs. 2, 3, and thus seeks an injunction preventing his arrest.  App. at 29–30.

## II.    LEGAL STANDARD

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction.  *See Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) ("[T]he legal standards applicable to TROs and preliminary injunctions are 'substantially identical.'" (quoting *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001)).  An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008).  And "a TRO 'should be restricted to . . . preserving the status quo and preventing irreparable harm just so long as is necessary to hold a [preliminary injunction] hearing and no longer.'"  *E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 779 (9th Cir. 2018) (quoting *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974)).

A plaintiff seeking preliminary injunctive relief must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest."  *Winter*, 555 U.S. at 20.  "[I]f a plaintiff can only show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips *sharply* in the plaintiff's favor, and the other two *Winter* factors are satisfied."  *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks omitted) (quoting *Shell Offshore, Inc. v. Greenpeace, Inc.,* 709 F.3d 1281, 1291 (9th Cir. 2013)).  "[W]hen the Government is the opposing party," the final two factors "merge."  *Nken v. Holder*, 556 U.S. 418, 435 (2009).

2

### III.   DISCUSSION

As a preliminary matter, the Court finds that the requirements for issuing a temporary restraining order without notice set out in Federal Rule of Civil Procedure 65(b)(1) are met in this case.  Plaintiff's counsel has set out specific facts showing that immediate and irreparable injury, loss, or damage may result before the adverse party can be heard in opposition.

The Court finds that Plaintiff has shown at least that there are "serious questions going to the merits" and that "the balance of hardships tips *sharply*" in his favor.  *Weber*, 767 F.3d at 942 (internal quotation marks and citation omitted).  Plaintiff asserts that he is likely to succeed on the merits of, among other things, his claim that Defendants' arresting or detaining him at his I-485 adjustment of status interview would be contrary to section 245(a) of the INA, *see* 8 U.S.C. § 1255(a), and would violate the Administrative Procedure Act, 5 U.S.C. §§ 551–559 ("APA"), as a consequence.  App. at 10–14.

The Court is persuaded by Plaintiff's argument.  In *You, Xiu Qing v. Nielsen*,  the court concluded that an I-485 applicant, who was likewise the immediate relative of a United States citizen, "demonstrated that his arrest at USCIS's offices [at his adjustment of status interview] and his detention pursuant to that arrest likely violated the INA."  321 F. Supp. 3d 451, 466 (S.D.N.Y. 2018).  The Court finds the reasoning in *You* persuasive and thus joins several other courts in this Circuit that have concluded that the government's arresting noncitizens at their adjustment of status interviews violates the INA.  *See, e.g.*, *Ngugi v. Lyons*, No. 25-cv-01783-KES-EPG-HC, 2026 WL 807542, at *2–3 (E.D. Cal. Mar. 24, 2026), *F&R adopted*, 2026 WL 946905 (E.D. Cal. Apr. 8, 2026); *Franco v. Meyer*, No. 25-cv-01620-DAD-CKD, 2025 WL 3280782, at *2 (E.D. Cal. Nov. 25, 2025) ("[T]he court concludes that petitioner has demonstrated a likelihood of success on the merits of his claim that arresting him at his adjustment of status interview violates the INA."); *Silva v. Noem*, No. 25-cv-11867-AB-RAO, 2025 WL 3764074, at *2 (C.D. Cal. Dec. 18, 2025); *Howe v. Noem*, No. 26-cv-00135-JO-BJW, 2026 WL 114649, at *2 (S.D. Cal. Jan. 15, 2026).  In sum, Plaintiff has shown serious questions going to the merits of his claim that arresting him at his I-485 interview would violate the INA and the APA.

Plaintiff is also likely to suffer immediate and irreparable harm in the absence of

United States District Court
Northern District of California

preliminary relief.  The Ninth Circuit has recognized "irreparable harms imposed on anyone subject to immigration detention," including "the economic burdens imposed on detainees and their families as a result of detention."  *Hernandez v. Sessions*, 872 F.3d 976, 995 (9th Cir. 2017).  Those risks are present here.  Finally, the balance of the equities and the public interest, which merge because the government is the opposing party, tip sharply in Plaintiff's favor.  "[T]he public has a strong interest in upholding procedural protections against unlawful detention, and the Ninth Circuit has recognized that the costs to the public of immigration detention are staggering."  *Jorge M. F. v. Wilkinson*, No. 21-cv-01434-JST, 2021 WL 783561, at *3 (N.D. Cal Mar. 1, 2021) (cleaned up) (quoting *Ortiz Vargas v. Jennings*, No. 20-cv-5785-PJH, 2020 WL 5074312, at *4 (N.D. Cal. Aug. 23, 2020), and then quoting *Hernandez*, 872 F.3d at 996).

Without the requested injunctive relief, Plaintiff faces deprivation of his liberty.  The comparative harm potentially imposed on Defendants is minimal—a mere short delay in detaining Plaintiff, should the government ultimately show that detention is intended and warranted.  Although Plaintiff has filed his TRO application while detention is imminent (instead of immediately after detention), his liberty interest is equally serious, the risk of erroneous deprivation is likewise high, and the government's interest in continuing to detain him without the required hearing is low.  *Howe*, 2026 WL 114649, at *1–2 (enjoining detention at a scheduled adjustment of status interview).  Indeed, the *Howe* court found that "ICE has an admitted (although perhaps non-uniform) practice of detaining noncitizens who have overstayed their visas and applied for adjustment of status, and Defendants offer no reason to believe Plaintiffs will not be subject to this practice."  *Id.* at *1.

Accordingly, the Court hereby GRANTS Plaintiff's TRO application.  Under Federal Rule of Civil Procedure 65, a court "may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  Fed. R. Civ. P. 65(c).  The rule "invests the district court 'with discretion as to the amount of security required, if any,'" and the court "may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct."  *Jorgensen*

*v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) (quoting *Barahona–Gomez v. Reno*, 167 F.3d 1228, 1237 (9th Cir. 1999)).  In this case, in light of the minimal risk of harm to the government, the Court determines that security is not required.

**IV.    ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

IT IS HEREBY ORDERED that:

(1) Plaintiff's application is GRANTED to preserve the status quo pending further briefing and a hearing on this matter.

(2) Defendants are ENJOINED from transferring Plaintiff out of this district or deporting him pending these proceedings.

(3) Defendants are ENJOINED AGAINST detaining Plaintiff without notice and a pre-deprivation hearing before a neutral decisionmaker.  In the event he has been detained before this order has issued, he is ORDERED released.  This Order shall remain in effect until May 20, 2026, at 1:00 p.m.

(4) The application is DENIED insofar as it seeks other orders.

(5) The complaint, TRO application, and this Order SHALL be served on Defendants such that they receive actual notice as soon as practicable, and no later than May 7, 2026, at 5:00 p.m., and Plaintiff shall file proof of such service by no later than May 8, 2026, at 5:00 p.m.  Email service is permitted.

(6) Defendants are ORDERED TO SHOW CAUSE in-person at a hearing before the undersigned on May 19, 2026, at 9:00 a.m., why a preliminary injunction should not issue.  Defendants shall file a response to Plaintiff's motion by no later than May 13, 2026, at 12:00 p.m.  Plaintiff may file a reply by May 15, 2026, at 12:00 p.m.

Dated:  May 6, 2026, at 1:00 p.m.

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

5