**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

CAIO RIBEIRO BOAVENTURA,

Plaintiff,

v.

MARKWAYNE MULLIN, et al.,

Defendants.

Case No.  26-cv-04119-BLF

**ORDER DISSOLVING TEMPORARY RESTRAINING ORDER; AND DENYING MOTION FOR PRELIMINARY INJUNCTION**

[Re:  ECF Nos. 3, 10]

## I.    BACKGROUND

On May 5, 2026, Plaintiff Caio Ribeiro Boaventura filed an application for an *ex parte* temporary restraining order and motion for a preliminary injunction.  ECF No. 3 ("Mot.").  He sought to enjoin Defendants from detaining him at a United States Citizenship and Immigration Services interview scheduled for May 13, 2026, alleging an imminent threat that he may be arrested by U.S. Immigration and Customs Enforcement.

The following day, the Court granted the *ex parte* application, issued a temporary restraining order, and ordered Defendants to show cause why a preliminary injunction should not issue.  ECF No. 10 ("TRO").  The Court also set a briefing schedule and a hearing for May 19, 2026.  *Id.*  Defendants timely responded to the order to show cause, ECF No. 12 ("Opp."), and Plaintiff did not submit a reply.  At the May 19, 2026, hearing, Defendants appeared and Plaintiff did not.  ECF No. 15.  For the reasons set forth below, the TRO is DISSOLVED and the motion for a preliminary injunction is DENIED WITHOUT PREJUDICE.

## II.    DISCUSSION

Among other things, Defendants argue that Plaintiff has not demonstrated standing to obtain prospective injunctive relief.  Opp. at 5–7.  The Court agrees.

"[T]he 'irreducible constitutional minimum' of standing consists of three elements."

*Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).  The plaintiff bears the burden of establishing that he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.*; *see also FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990).  "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 578 U.S. at 339 (quoting *Lujan*, 504 U.S. at 560).  "A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Texas v. United States*, 523 U.S. 296, 300 (1998) (quoting *Thomas v. Union Carbide Agric. Prods. Co.,* 473 U.S. 568, 580–81 (1985)).

Here, the Court cannot even say that Plaintiff has established a hypothetical injury, let alone an actual or imminent threat of one.  Defendants represented at the hearing that Plaintiff attended his USCIS interview, was not arrested or detained, and has no immigration appointments scheduled in the future.  Plaintiff has not submitted other allegations or evidence of a threat of future injury sufficient to give rise to Article III standing.  As the interview has passed without detention or arrest, and because Plaintiff has not presented evidence of any other injury or threat of future injury, the Court concludes that Plaintiff does not have standing to obtain a preliminary injunction.  *See J.P. v. Santacruz*, No. 8:25-cv-01640-FWS-JC, 2025 WL 2998305, at *4 (C.D. Cal. Oct. 24, 2025).

## III.    ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) The Temporary Restraining Order, ECF No. 10, is DISSOLVED.

(2) Plaintiff's motion for a preliminary injunction, ECF No. 3, is DENIED WITHOUT PREJUDICE.

Dated:  May 19, 2026

_____
BETH LABSON FREEMAN
United States District Judge

2